## STATE OF CONNECTICUT *v.* BENJAMIN BOSQUE
## (AC 27511)

Bishop, Gruendel and Beach, Js.

Argued February 4—officially released April 8, 2008

*Daniel J. Krisch*, special public defender, with whom were *Brendon P. Levesque* and, on the brief, *Sumy Rhee*, legal intern, for the appellant (defendant).

*Adam E. Mattei*, special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Joseph T. Corradino*, senior assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Benjamin Bosque, appeals from the judgment of conviction, rendered after a jury trial, of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4), burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and four counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). On appeal, the defendant claims that the trial court committed plain error when it instructed the jury on accomplice testimony. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In the early morning of November 5, 2004, the defendant; his brother, Fernando Bosque; and Roberto Figueroa invaded a Bridgeport apartment, a residence

shared by four college students. A friend of one of the students was visiting as well. The defendant rang the doorbell, and when one of the students answered the door, the defendant put a gun to his head and pushed him inside. Fernando Bosque and Figueroa followed the defendant into the apartment. At gunpoint, the defendant and his accomplices forced the students into one room, threatening and physically assaulting them. The defendant and his accomplices ransacked the apartment for valuables, taking items such as home electronics, jewelry, cellular telephones, cash and automated teller machine cards. The intruders also forced the students to reveal the personal identification numbers associated with their automated teller machine cards. During the home invasion, the defendant sexually assaulted one of the students. After leaving the apartment, the defendant and his accomplices took the stolen items to the home of the defendant's mother and proceeded to a bank where they withdrew money from the students' bank accounts.

The defendant eventually was arrested and charged with several offenses. He was tried before the jury and found guilty. The defendant was sentenced to a term of sixty years imprisonment, execution suspended after forty years, and thirty-five years of probation.[1] This appeal followed. Additional facts will be set forth as necessary.

On appeal, the defendant claims that the court committed plain error when it instructed the jury on accomplice testimony. "Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . The conditions of character and interest most

---

[1] In addition, pursuant to the conviction of sexual assault, the court ordered the defendant to submit a DNA sample and register as a sex offender.

inconsistent with a credible witness, very frequently, but not always, attend an accomplice when he [or she] testifies. When those conditions exist, it is the duty of the judge to specially caution the jury . . . . In reviewing a challenge to a portion of the jury instructions, the proper test is whether the charge, considered as a whole, presents the case to the jury so that no injustice will result." (Citations omitted; internal quotation marks omitted.) *State* v. *Marra*, 222 Conn. 506, 525–26, 610 A.2d 1113 (1992).

At trial, Figueroa, one of the defendant's accomplices, testified against the defendant in accordance with a plea agreement with the state. The plea agreement promised favorable treatment in exchange for Figueroa's testimony against the defendant. At the time Figueroa testified, he had not yet been sentenced. Regarding accomplice testimony, the court instructed the jury as follows: "In weighing the testimony of an accomplice who is a self-confessed criminal, you must consider that fact. All else being equal, it may be that you would not believe a person who committed a crime such as this involving moral wrong as readily as you would believe a person of good character. The amount of moral wrong involved in the participation of a witness of a crime should be weighed and in weighing the testimony of an accomplice who has not yet been sentenced, you should keep in mind that he may in his own mind be looking for or hoping for some favorable treatment in the sentence and disposition of his own case, and, therefore, he may have such an interest in the outcome of this case so that his testimony may have been colored by that fact. . . . On the other hand, there are many offenses that are of such a character that only persons capable of giving useful testimony are those who are themselves in the crime. *Each accomplice's testimony is an admission by him against his own natural interest in not incriminating himself, and, therefore, it*

*may itself be evidence of his . . . testimony's reliability.* It is up to you, the jury, to decide what credibility you wish to give to a witness who has admitted his involvement in the criminal wrongdoing."[2] (Emphasis added.)

The defendant argues that by first admonishing the jury as to the caution with which it should weigh an accomplice's testimony and by then telling the jury that each accomplice's admission is an admission against his own natural interest not to incriminate himself such that his testimony may be reliable, the court improperly bolstered Figueroa's credibility and rendered its cautionary instruction meaningless, thereby confusing the jury.[3] The defendant contends that this claimed impropriety by the court rose to the level of plain error.

Our review of the defendant's claim is controlled by the decision of our Supreme Court in *State* v. *Marra,* supra, 222 Conn. 506. In *Marra,* the defendant and two of his associates were involved in the murder of the victim. The victim's body was never found, and the only

---

[2] Our Supreme Court has consistently held that "where it is warranted by the evidence, it is the *court's duty* to caution the jury to scrutinize carefully the testimony if the jury finds that the witness intentionally assisted in the commission, or if he assisted or aided or abetted in the commission, of the offense with which the defendant is charged." (Emphasis in original; internal quotation marks omitted.) *State* v. *Ortiz,* 252 Conn. 533, 562, 747 A.2d 487 (2000).

[3] The defendant also argues that there are compelling reasons to omit this language from an accomplice testimony instruction, namely, because Figueroa, like many accomplices who testify against a fellow accomplice, did so pursuant to a plea agreement that promised him favorable treatment. Therefore, it was actually *in* Figueroa's "natural interest" to incriminate himself in order to secure the favorable treatment that he had been promised. Because this case is controlled by *State* v. *Marra,* supra, 222 Conn. 506, we need not address this argument. Even if it can be said that it was in Figueroa's natural interest to incriminate himself, such that the court's instruction was inappropriate, it does not rise to the level of plain error because, as a whole, the court extensively cautioned the jury that an accomplice's testimony may be motivated by the promise of future favorable treatment in the accomplice's favor.

evidence connecting the defendant to the murder came from the testimony of the defendant's accomplices. The court instructed the jury on accomplice testimony, and the defendant objected to the very same portion of the instruction that is the subject of this appeal. The *Marra* court found that "[i]n its charge the court explicitly cautioned the jury that the testimony of the accomplice witnesses may have been colored by their potentially compelling interests in seeking favorable treatment for themselves from the state. Although the challenged portion of the trial court's accomplice instructions may have been inappropriate under the circumstances of this case, we conclude that it did not so dilute the overall instructions so as to result in any injustice to the defendant and did not constitute plain error." Id., 526.

In the present case, the circumstances of which are similar to the circumstances of *Marra*, the court gave virtually the same accomplice testimony instruction to the jury. Although the section of the challenged jury instruction may have been inappropriate, an examination of the totality of the court's instruction reveals that the charge extensively cautioned the jurors to consider the potential motivations and biases of accomplice testimony such that it did not result in any injustice to the defendant and did not constitute plain error.

The judgment is affirmed.

In this opinion the other judges concurred.